IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS (PHENTERMINE/ FENFLURAMINE/DEXFENFLURAMINE) PRODUCTS LIABILITY LITIGATION | MDL NO. 1203 |
| THIS DOCUMENT RELATES TO: ANTHONY SMITH, et al. v. AMERICAN HOME PRODUCTS CORPORATION, et al. | CIVIL ACTION NO. 04-20219 |

MEMORANDUM IN SUPPORT OF SEPARATE PRETRIAL ORDER NO. 8328

Bartle, C.J.                                              October 23, 2009

Before the court is the motion of Wyeth[1] and Indevus Pharmaceuticals, Inc. ("Indevus")[2] for summary judgment against Annie Mitchell and Debbie Easterly, the only remaining plaintiffs in the above-captioned action. Wyeth and Indevus maintain that summary judgment in their favor and against plaintiffs is appropriate because Ms. Mitchell and Ms. Easterly attempt to establish Diet Drug usage based on a highly suspicious and unreliable affidavit.[3]

---

1. Prior to March 11, 2002, Wyeth was known as American Home Products Corporation.

2. Indevus is named in the complaint as Interneuron Pharmaceuticals.

3. On January 20, 2005, Wyeth filed a similar motion with respect to plaintiffs in related actions filed by the same law firm and based on the same affidavit. On August 27, 2008, we granted Wyeth's motion. See Pretrial Order ("PTO") No. 7933
(continued...)

I.

On November 24, 2003, plaintiffs filed a complaint in the United States District Court for the Eastern District of Arkansas. On February 5, 2004, the Judicial Panel on Multidistrict Litigation entered a conditional Order transferring the case to MDL No. 1203. On February 23, 2004, the Judicial Panel on Multidistrict Litigation lifted the stay of transfer. On March 1, 2004, the Order was docketed in the United States District Court for the Eastern District of Pennsylvania.

Both Ms. Mitchell and Ms. Easterly allege Diet Drug usage based on an affidavit of George Camatsos, M.D. ("Camatsos Affidavit") dated March 17, 2003. According to Wyeth's January 20, 2005 motion, Dr. Camatsos is a former Mississippi physician.[4] Attached to Dr. Camatsos' Affidavit is a seven-page list of 284 individuals whom Dr. Camatsos claims to "recognize, either of [his] own knowledge or by reference to medical records, to have been patients ... to whom [he] prescribed the diet drug

---

3. (...continued)
(Aug. 27, 2008). For purposes of their motion as to Ms. Mitchell and Ms. Easterly, Wyeth and Indevus have adopted the facts and arguments set forth in Wyeth's prior motion.

4. On August 22, 1991, the Mississippi State Board of Medical Licensure (the "Board") revoked Dr. Camatsos' medical license for numerous violations of Mississippi law. On March 18, 1993, the Board denied Dr. Camatsos' Petition for Reinstatement. In addition, on August 30, 1991, Dr. Camatsos was sentenced to 366 days incarceration for filing a false tax return. See motion to dismiss and/or for summary judgment filed by Wyeth on January 20, 2005.

Pondimin (Fen-Phen)." See Exhibit 3 to the motion for summary judgment filed by Wyeth and Indevus.

On October 18, 2004, Wyeth's counsel met with Carroll Ingram, Esquire of Ingram & Associates, PLLC "to express Wyeth's concern" regarding these claims and the supporting Camatsos Affidavit. Following this meeting, on or about October 21, 2004, Mr. Ingram filed a motion for voluntary dismissal on behalf of certain plaintiffs in these actions. On January 6, 2005, Mr. Ingram and his associate, Jennifer I. Wilkinson, Esquire, filed a motion to withdraw as counsel for Ms. Mitchell and Ms. Easterly.

We subsequently granted the motion for leave to withdraw, subject to counsel notifying plaintiffs that they "shall have thirty (30) days from the date of this order to secure new counsel, and that at the expiration of the thirty-day period, the case shall proceed on its normal trial schedule whether or not plaintiffs have secured new counsel." See PTO No. 7370 (Aug. 22, 2007). Counsel has complied with the conditions outlined above and thirty days have passed since entry of the order.

II.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is genuine if the

-3-

evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is material when it "might affect the outcome of the suit under the governing law." Id. After reviewing the evidence, the court makes all reasonable inferences from the evidence in the light most favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Where the nonmoving party bears the "burden of persuasion at trial, the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden." Wetzel v. Tucker, 139 F.3d 380, 383 (3d Cir. 1998). A genuine issue of material fact is created if the nonmoving party "provides sufficient evidence to allow a reasonable jury to find for him at trial." Id. The evidence submitted and relied upon must be admissible at trial. Id.

We are required to view the evidence submitted on a motion for summary judgment in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. The plaintiffs have neither responded nor produced evidence in opposition to the motion for summary judgment.

### III.

Wyeth and Indevus argue that summary judgment should be granted because the Camatsos Affidavit is highly suspicious and unreliable. Specifically, Wyeth argues that the affidavit is

inadequate because it does not set forth the dates on which the claimants were prescribed Diet Drugs. Rather, the affidavit only states generally that Dr. Camatsos prescribed Diet Drugs to 284 patients between 1972 and 1992.

Our Court of Appeals has held that "conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment." Kirleis v. Dickie, McCamey & Chilcote, 560 F.3d 156, 161 (3d Cir. 2009). An affidavit that fails to set forth specific facts and is conclusory in nature fails to satisfy the party's burden. Maldonado v. Ramirez, 757 F.2d 48, 57 (3d Cir. 1985).

Here, the affidavit of Dr. Camatsos is lacking sufficient factual detail to render it a reliable source of information. Other than stating that the doctor prescribed Diet Drugs to the plaintiffs, the affidavit provides no other useful information to bolster its veracity. Wyeth is correct that the specific dates that the plaintiffs were prescribed the drugs are not set forth, as they should have been. The affidavit is also missing information regarding the dosages prescribed to the plaintiffs and the length of time that the plaintiffs were given prescriptions for such drugs.

Perhaps most disconcerting is Dr. Comatsos' failure to attach the medical records that he allegedly reviewed as a means of identifying those patients to whom the drugs were prescribed. Dr. Comatsos states in paragraph 3 of his affidavit that he identified the persons to whom he prescribed diet drugs by

reviewing those records. They should have been attached pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, which states that "[i]f a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit." FED. R. CIV. P. 56(e) (2007).

Despite the opportunity to do so, the plaintiffs have not come forward with evidence to substantiate the veracity of the affidavit so as to allow the court to consider it. Without this affidavit, plaintiffs' claims fail.

Accordingly, we will enter an Order granting the motion of Wyeth and Indevus for summary judgment as to each plaintiff's claim.